An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RAFAEL MEDINA, JR., AN INDIVIDUAL; AND MELISSA M. MEDINA, AN INDIVIDUAL,
Appellants,
vs.
CML-NV BLUE DIAMOND, LLC, A FLORIDA LIMITED LIABILITY COMPANY,
Respondent.

No. 62110

**FILED**

SEP 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order, certified as final under NRCP 54(b), in a deficiency-related action. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Silver State Bank loaned Rafcon, LLC, $10,640,000 to purchase and develop a parcel of real property. Rafcon secured the loan with the property, and Rafael Medina, Jr., and Melissa Medina guaranteed the loan's repayment. Subsequently, the Nevada Financial Division closed Silver State Bank and appointed the FDIC as receiver. The FDIC ultimately transferred the loan to Multibank 2009-1 CML-ADC Venture, LLC (Multibank). In turn, Multibank transferred the loan to its subsidiary, respondent CML-NV Blue Diamond, LLC (Blue Diamond).

Blue Diamond foreclosed on the secured property after Rafcon defaulted on the loan and the Medinas failed to honor their guaranty.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31820

Blue Diamond sold the property at a trustee's sale; but, the purchase price was less than what Rafcon owed Blue Diamond under the loan.

After the trustee's sale, the Nevada Legislature passed Assembly Bill 273, which placed additional restrictions on the amount a court could award in a deficiency action where there has been a transfer of the right to obtain a deficiency judgment. The bill was codified as NRS 40.459(1)(c). *See* 2011 Nev. Stat., ch. 311, § 5, at 1743.

Thereafter, Blue Diamond filed a motion for partial summary judgment requesting the district court to determine that NRS 40.459(1)(c) was inapplicable to the deficiency action. The district court granted the motion. The Medinas stipulated to a deficiency judgment with Blue Diamond, which was certified as final under NRCP 54(b), and then filed the instant appeal challenging the district court's conclusion that NRS 40.459(1)(c) is not applicable in the underlying deficiency action.

Whether or not a statute applies in a particular instance is a question of law that we review de novo. *Sandpointe Apartments, L.L.C. v. Eighth Judicial Dist. Court*, 129 Nev. ___, ___, 313 P.3d 849, 853 (2013).

We addressed this issue in *Sandpointe* and determined that a "right to a deficiency vests upon the sale pursuant to a judicial foreclosure or trustee's sale, and thus, applying NRS 40.459(1)(c) to deficiencies arising from sales" that occurred prior to the statute's effective date would result in an improper retroactive effect. *Id.* at ___, 313 P.3d at 856, 859.

Here, Blue Diamond sold the property at a trustee's sale that took place prior to NRS 40.459(1)(c)'s effective date; therefore, the district court correctly determined that the statute is inapplicable to the

underlying matter. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Elizabeth Goff Gonzalez, District Judge
     Robert F. Saint-Aubin, Settlement Judge
     The Schwartz Law Firm, Inc.
     Lionel Sawyer & Collins/Las Vegas
     Eighth District Court Clerk